UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:15-cv-23433-FAM

**JESUS SANTOS,**
and other similarly situated individuals,

    Plaintiff(s),

v.

**NZR RETAIL OF TOLEDO, INC.,**
a Foreign Profit Corporation d/b/a STOP & SHOP,

    Defendants.
_____/

## PLAINTIFF'S STATEMENT OF CLAIM

Plaintiff, JESUS SANTOS (hereinafter "Plaintiff"), by and through undersigned counsel, hereby submits, pursuant to this Honorable Court's Order, dated September 21, 2015 as D.E. No. 5, Plaintiff's Statement of Claim. As grounds, Plaintiff respectfully states as follows:

1. Plaintiff endeavored at this stage of litigation to formulate her Statement of Claim on the basis of the best data available. In addition, this response is based upon Plaintiff's counsel's understanding of the facts and the information reviewed thus far.

2. Although there has not been an opportunity for formal discovery, this Statement of Claim is submitted for the purpose of complying with this Honorable Court's Order in Actions Brought Under the Fair Labor Standards Act. Defendants and/or persons who are non-parties or who are no longer employees of Defendants may have relevant information or documents, but Plaintiff is not purporting to provide in this Statement of Claim, confirmed information, if any, presently possessed by

such persons.

3. Discovery is ongoing, thus this Statement of Claim, while believed to be accurate, does not constitute an affidavit or a binding statement and is subject to the Federal Rules of Evidence and Procedure. Because additional facts likely would be uncovered through discovery, the Plaintiff in no way waives her right to present new or additional information at a later date, for substance or clarification. Moreover, by submitting this Statement of Claim, the Plaintiff does not waive, and hereby preserves, any and all substantive and procedural rights that may exist.

4. **Initial Estimate of the Total Amount of Alleged Unpaid Wages**: Plaintiff at this time alleges that a pre-discovery estimate that is due and owing to Plaintiff is: **Eleven Thousand Six Hundred and Twenty Dollars and 00/100 ($11,620.00)**—this amount includes liquidated damages.

5. **Calculation of Unpaid Wages**: Plaintiff calculates the amount of unpaid wages that is due and owing as follows: The Fair Labor Standards Act requires that most employees be paid at least the Federal minimum wage for all hours worked and overtime pay at time and one-half the regular pay for all hours worked over forty (40) in a workweek. In the case at bar, the Plaintiff's pre-forty hours pay rate was above the mandated statutory minimum wage. Plaintiff was paid $11.00 an hour from on or about December 22, 2014 through on or about April 22, 2015. Defendants failed to pay Plaintiff the proper overtime rate for all post-forty hours worked, as required by law. Had Defendants complied with the federal law, Plaintiff's overtime rate of pay would have been $16.50 per hour post-forty from on or about December 22, 2014 through on or about April 22, 2015. The

calculations for unpaid overtime wages are illustrated in the following chart:

6. Plaintiff performed work for Defendants as a non-exempt employee from on or about December 22, 2014 through on or about April 22, 2015.

7. Throughout Plaintiff's employment, Plaintiff worked in excess of forty (40) hours per week, and was paid an hourly wage of $11.00 per hour from on or about December 22, 2014 through on or about April 22, 2015.

8. Plaintiff, during the relevant time period, from on or about December 22, 2014 through on or about April 22, 2015 worked approximately ten (17) weeks

9. Plaintiff was paid only his regular rate, and not one and one half times his regular rate as provided by the FLSA.

10. Plaintiff's overtime rate is $16.50 ($11.00 x 1.5) during the relevant time period from on or about December 22, 2014 through on or about April 22, 2015.

11. As such, Plaintiff is owed approximately $5,610.00 ($16.50 overtimetime rate x 20 hours of overtime each week x 35 weeks) in **unliquidated** overtime wages, as well as an additional amount as liquidated damages.

12. Additionally, Plaintiff did not receive proper compensation for his last week of employment.

13. Plaintiff's last pay check was $200 short of the amount he was supposed to receive.

14. Plaintiff is thus owed a total of $5,810.00 in unpaid wages, plus an equal amount as liquidated damages and reasonable attorney fees and costs.

15. Nature of Wages: The nature of the wages owed by Defendants to Plaintiff: overtime wages, unpaid wages

|  | OVERTIME PREMIUM RATE PER HOUR OWED | APPROX. UNPAID OVERTIME HOURS WORKED PER WEEK | NUMBER OF WEEKS | TOTAL OVERTIME WAGES OWED (unliquidated) |
|---|---|---|---|---|
| JESUS SANTOS 12/22/14 - 4/22/15 | $11.00 | 20 HOURS | 17 WEEKS | $5,610.00 |
|  |  |  |  | **UNPAID WAGES OWED FOR FINAL WEEK** (unliquidated) |
| JESUS SANTOS 12/22/14 - 4/22/15 |  |  |  | $200.00 |

**WHEREFORE**, based on the foregoing, the Plaintiff files this Statement of Claim.

Dated October 8, 2015

Respectfully submitted by,

Anthony M. Georges-Pierre, Esq.
Florida Bar No. 533637
Rainier Regueiro, Esq.
Florida Bar No.115578
**REMER & GEORGES-PIERRE, PLLC**
44 West Flagler St., Suite 2200
Miami, FL 33130
Telephone: 305-416-5000
Facsimile: 305-416-5005
Email: agp@rgpattorneys.com
Email: apetisco@rgpattorneys.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on October 8, 2015, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

**Gregory R. Elder**
Foreman Friedman, P.A.
2 S Biscayne Boulevard
Suite 2300 One Biscayne Tower
Miami, FL 33131-1803
305-358-6555
Fax: 305-374-9077
Email: gelder@fflegal.com

by: _____
Anthony M. Georges-Pierre, Esq.
Florida Bar No. 533637
Rainier Regueiro, Esq.
Florida Bar No. 115578